**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**ASHLEY BLACKETER,**

    **Defendant.**

Case No. 16-20076-JAR

**MEMORANDUM & ORDER**

This matter is before the Court following Defendant Ashley Blacketer's sentencing on December 20, 2016. The Government has filed a sentencing memorandum (Doc. 20) addressing an issue raised at sentencing—whether a third party can negotiate a settlement with the defendant to reduce restitution in a criminal case. Defendant has responded to the sentencing memorandum (Doc. 22) and filed the settlement agreement with Travelers Casualty and Surety Company (Doc. 21). Because Defendant has settled with Travelers Casualty and Surety Company for $32,000, the Court orders that Defendant shall pay restitution in the amount of $25,000 to Exchange National Bank & Trust and $466,303 to Travelers Casualty and Surety Company.

Defendant was an employee of Exchange National Bank & Trust in Leavenworth, Kansas for eight years. During her employment, she embezzled $523,303 from the bank. Defendant pleaded guilty to a one-count information charging her with embezzlement by a bank employee in violation of 18 U.S.C. § 656. Restitution was requested for $25,000 to Exchange National Bank & Trust and $498,303 to Travelers Casualty and Surety Company. During her sentencing hearing on December 20, 2016, Defendant's counsel informed the Court that Defendant had reached an agreement with Travelers Casualty and Surety Company to pay a lump sum in exchange for a release from the remainder of the debt. The Court ordered restitution for the full

amount ($523,303), but expressed its willingness to modify restitution following briefing by the parties on the issue of whether restitution may be lessened by a settlement with a third-party victim.

Under the Mandatory Victim Restitution Act ("MVRA"), the Court "shall order . . . that the defendant make restitution to the victim of the offense" in certain offenses against property.[1] Section 3664(f)(1) of the MVRA states:

> (A)In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.
>
> (B)In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution.

In this case, Defendant is properly assessed restitution as she was convicted under 18 U.S.C. § 656, which is a crime against property for the purposes of the MVRA. The Government argues that under § 3664(f)(1), the Court must assess restitution for the entire amount of the loss ($523,303) without regard to the $32,000 settlement with Travelers Casualty and Surety Company. The Court disagrees.

In *United States v. Masek*, the Tenth Circuit addressed whether the district court erred in calculating the restitution amount where the defendant settled with a third-party victim prior to sentencing.[2] Masek attempted to argue that the settlement agreement with the victim foreclosed the possibility of a restitution award entirely.[3] The Tenth Circuit held that a civil settlement did not bar restitution under the MVRA.[4] The court noted that the third-party victim could not waive

---

[1] 18 U.S.C. § 3663A.

[2] 588 F.3d 1283, 1287 (10th Cir. 2009).

[3] *Id.* at 1290.

[4] *Id.* (quoting *United States v. Gallant*, 537 F.3d 1202, 1234 (10th Cir. 2008)).

2

the government's rights to restitution where the government was not a party to the settlement agreement.[5] The Tenth Circuit affirmed the district court's restitution assessment that credited the civil settlement against the restitution award under prior case law.[6] Thus, under *Masek*, the Court finds that restitution is properly ordered for the total amount of the loss to Travelers Casualty and Surety Company ($498,303) less the settlement amount ($32,000), which is equal to $466,303.

The other issue raised in the sentencing memorandum provided by the parties is the order in which both Exchange National Bank & Trust and Travelers Casualty and Surety Company should be paid. The Government argues that under § 3664(j)(1) of the MVRA, Exchange National Bank & Trust must be paid before Travelers Casualty and Surety Company, including the amount of the settlement agreement. Section 3664(j) provides that:

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

The Court reads § 3664(j) to provide that Exchange National Bank & Trust must be paid the *restitution amount* before Travelers Casualty and Surety Company. Because the settlement agreement amount is not part of the restitution amount, the settlement agreement amount is not considered under this provision. Thus, Exchange National Bank & Trust must be paid $25,000 in full satisfaction of the restitution owed to it prior to Travelers Casualty and Surety Company being paid $466, 303.

---

[5] *Id.*

[6] *Id.* at 1290 n.3 (quoting *Gallant*, 537 F.3d at 1251 ("[W]hen determining the amount of a restitution award under the MVRA, the court must reduce restitution by any amount the victim received as part of a civil settlement.")).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant owes restitution in the amount of $25,000 to Exchange National Bank & Trust and $466,303 to Travelers Casualty and Surety Company.

**IT IS FURTHER ORDERED** that Exchange National Bank & Trust shall be paid the $25,000 in full before Travelers Casualty and Surety Company receives the $466,303.

**IT IS SO ORDERED.**

Dated: January 12, 2017

                                                       S/ Julie A. Robinson
                                                       JULIE A. ROBINSON
                                                       UNITED STATES DISTRICT JUDGE